UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOEY AND LINDA SATEL | § | |
| | § | |
| **Plaintiffs,** | § | Civil Case No. 5:17-cv-00490 |
| | § | |
| VS. | § | |
| | § | |
| CHUBB LLOYD'S INSURANCE | § | |
| COMPANY OF TEXAS AND | § | |
| ROBERT LYNN PRITCHARD | § | |
| | § | |
| **Defendants.** | § | |

DEFENDANT CHUBB LLOYD'S INSURANCE COMPANY OF
TEXAS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Chubb Lloyd's Insurance Company of Texas ("Chubb") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas from the 408th Judicial District Court of Bexar County, Texas, and for its Notice of Removal states:

**I.**
**REMOVAL JURISDICTION**

1.     This action, entitled *Joey and Linda Satel v. Chubb Lloyd's Insurance Company of Texas and Robert Lynn Pritchard,* pending in the 408th Judicial District Court of Bexar County, Texas, Cause No. 2017CI01624 was commenced against Defendants via the filing of Plaintiffs' Original Petition on or about January 27, 2017.

2.     Chubb Lloyd's Insurance Company of Texas ("Chubb") received the citation and Petition via service on May 3, 2017.  Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Plaintiffs allege causes of action against Chubb for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.  Plaintiffs allege causes of action against Defendant Robert Lynn Pritchard for violations of the Texas Insurance Code.  Plaintiffs sued Defendants for damages, including actual, consequential, additional, punitive and exemplary damages, attorney's fees, court costs, 18% statutory penalty damages, pre-judgment interest, and post-judgment interest.  *See* Exhibit A (Plaintiffs' Original Petition at 4-10).

4.      Plaintiffs are residents of Bexar County, Texas.  *See* Exhibit A (Plaintiffs' Original Petition at 1).  Chubb is an insurer authorized to do business in Texas.  Chubb is an unincorporated association, and therefore its citizenship for purposes of determining diversity jurisdiction is determined solely by the citizenship of each of its members.  *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877 (5th Cir. 1993).   Eight of the eleven members of Chubb Lloyd's are now and were at the time this action was commenced, citizens of the State of New Jersey.  Two of the members are now and were at the time this action was commenced, citizens of the State of New York.  The final member is now and was at the time this action was commenced, a citizen of the Commonwealth of Pennsylvania.  Therefore, Chubb is now, and was at the time this action was commenced, a citizen of New Jersey, New York and Pennsylvania.  Pritchard has been improperly joined and his citizenship should be disregarded for the purposes of determining diversity jurisdiction.  Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5.      The doctrine of fraudulent or improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse

party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012) (citing *Smallwood*, 385 F.3d at 573; *Campbell v. Stone, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). A theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore*, 2012 U.S. Dist. LEXIS 127564, *8-9 (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

The Court resolves improper joinder by examining "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Ill. Ctr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In other words, there must be "no reasonable basis" for this Court to predict that Plaintiffs might be able to recover against the non-diverse defendant. *Id.* The Court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* When a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the Court may conduct a summary judgment type inquiry instead. In such cases, the district court may, in its discretion, "pierce the pleadings and conduct a summary inquiry" to determine whether such a reasonable basis exists. *See Smallwood*, 385 F.3d at 573; *Badron v. RJR Nabisco, Inc.*, 224 F. 3d 382, 389 n.10 (5th Cir 2000)).

6.      Plaintiffs' pleading misstates and/or omits discrete facts that would determine the impropriety of joinder.  Contrary to the allegations in Plaintiffs' Original Petition, Pritchard was not the adjuster assigned to handle Plaintiffs' claim and did not make the decision regarding coverage or payment on Plaintiffs' claim.  Pritchard did not determine the scope or cause of the loss, nor did Pritchard deny policy benefits.  *See* Exhibit B (Pritchard's Declaration); *see also* Exhibit C (correspondence between Anthony Jerrick, the adjuster assigned to Plaintiffs' claim, and Plaintiffs or their counsel, Mr. Furlow).  Pritchard did not make the decisions or perform the actions that are the basis of Plaintiffs' allegations in their Original Petition.  *Id*.  Thus, there is no reasonable basis for predicting that Texas law will impose liability on Pritchard or that Plaintiffs can establish a cause of action against Pritchard in state court.  Pritchard has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court.

7.      Plaintiffs assert their damages are in excess of "the minimum jurisdictional limits of this Court."  *See* Exhibit A (Plaintiffs' Original Petition at 6).  Although Plaintiffs' Original Petition is silent to the amount of actual damages they seek in this action, this is an insurance dispute in which Plaintiffs seek damages for Defendants' alleged refusal to pay insurance benefits and wrongful handling of Plaintiffs' claim resulting from a storm, including but not limited to damage from wind and/or hail and damages resulting there from.  Plaintiffs seek actual damages for damages to their residence, and attorney's fees, court costs and statutory penalties under the Texas Insurance Code.  Notably, Plaintiffs' pre-suit demand letter, sent to Anthony Jerrick, the adjuster handling their claim, asserted damages of $110,192.19.  *See* Exhibit D (Plaintiffs' November 7, 2016 demand letter).

8.     When a plaintiff's pleading does not allege a specific amount of damages, the removing party defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Circuit.1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex 1994).  Based on Plaintiffs' pre-suit demand, Plaintiffs' prayer for punitive, exemplary damages, statutory penalties and attorneys' fees, and the nature of Plaintiffs' claims against Defendant, the alleged damages in this action clearly exceed $75,000.  Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place which the removed state court action is pending.

10.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Chubb in the state court action are attached to this notice.  *See* Exhibit E.

11.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 408th District Court of Bexar County, Texas.

12.    Pursuant to Federal Rule of Civil Procedure 38, Chubb demands a trial by jury.

## II.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Chubb respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Chubb further requests any additional relief to which it may be justly entitled.

Respectfully submitted,


**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

By: ___*/s/ Jennifer G. Martin*_____
        Jennifer G. Martin
        State Bar No. 00794233
        jennifer.martin@wilsonelser.com
        Bank of America Plaza
        901 Main Street, Suite 4800
        Dallas, Texas 75202
        Ph. (214) 698-8047
        Fx. (214) 698-1101

        **ATTORNEY FOR DEFENDANT
        CHUBB LLOYD'S INSURANCE COMPANY
        OF TEXAS**


## CERTIFICATE OF SERVICE


      I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the **2**nd day of **June, 2017**.


        **/s/Jennifer G. Martin
        JENNIFER G. MARTIN**