# Exhibit A

FILED
1/27/2017 4:12:28 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

citcml-sac1 w/jd

CAUSE NO. **2017CI01624**

| | | |
|---|---|---|
| JOEY AND LINDA SATEL | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | **408th** JUDICIAL DISTRCT COURT |
| | § | |
| CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD | § § § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOEY AND LINDA SATEL hereinafter called "Plaintiffs," complaining of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

### I.
### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiff is an individual residing in Bexar County, Texas. Discovery should be Level III.

Defendant, **CHUBB LLOYDS INSURANCE COMPANY OF TEXAS** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its attorney for service of process, **CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201**. Service is requested by certified mail, return receipt requested at this time.

Defendant **ROBERT L. PRITCHARD** is an individual residing in and domiciled in the State of Texas. This Defendant may be served with personal process by certified mail, return receipt requested at his principal place of business **2015 Flamingo Street, San Antonio, Texas 78209** or wherever he may be found.

1

II.

## AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that they purchased insurance from said entity and/or service to be provided by it. Said Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS, is Plaintiffs' homeowners' insurance company. The actions set forth in this complaint were committed by the Defendant, or its actual or apparent agents. Plaintiffs own and reside in a dwelling **550 Eldon, San Antonio, Texas 78209.** Defendant provided coverage to the Plaintiffs under a Homeowners' policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting therefrom, and Plaintiffs promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. **Plaintiffs gave timely notice of the facts of loss and Defendant assigned claim**

number 040516022691 for date of loss 04/12/2016.

Defendant CHUBB LLOYDS INSURANCE COMPANY OF TEXAS assigned Defendant ROBERT L. PRITCHARD as the individual adjuster on the claim. Adjuster ROBERT L. PRITCHARD and those working at his direction conducted a substandard investigation which is evident in the estimate provided and correspondence from Defendants to Plaintiff. ROBERT L. PRITCHARD and those at his direction spent an inadequate amount of time at the subject residence, totaling approximately thirty minutes. No attic inspection was performed and no testing for wind damage to shingle adhesive strips or felt was conducted. As a result, it is evident from his report that he failed to include many of Plaintiffs' covered damages which would have been apparent upon proper inspection. Despite obvious storm damage to various portions of the home, ROBERT L. PRITCHARD improperly denied policy benefits by minimizing scope and improperly denying causation. Defendant ROBERT L. PRITCHARD misrepresented to PlaintiffS that such damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

ROBERT L. PRITCHARD misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiffs and reduce their understanding of their rights under the policy below what was actually covered by the policy. Exclusionary language clearly inapplicable to the loss or claim was cited by ROBERT L. PRITCHARD in order to convince Plaintiffs their loss was not covered in whole or in part, when in fact it was a covered loss. As such, Defendants knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiffs.

V.

The Plaintiffs' home sustained damages caused by the wind/hail peril, including damage to the roof and architectural finishes. Damages include the cost of construction, repairs, and restoration of the home, necessary to repair the damages to Plaintiff's residence. These constituted covered damages under Plaintiff's homeowners' insurance policy with the Defendant, CHUBB LLOYDS INSURANCE

3

COMPANY OF TEXAS.

VI.

Defendant, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD have had ample opportunity to inspect Plaintiffs' property, in connection with Plaintiffs' claim for property damage. Defendant knew or should have known that Plaintiffs had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD were also made aware of the need to perform repairs to the damages to Plaintiffs' home as a result of the wind and/or hail storm. CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD knew that a substantial covered loss was owed. Nonetheless, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiffs' covered losses with no reasonable basis. CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD have failed to act promptly or to a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they are entitled. CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD knew

that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

## VIII.

Such denials, delays, refusals and/or failures to pay by CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD was in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiffs, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damage, and CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendant conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendant, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendant, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD, amounts to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

(c) failing to handle or process the Plaintiff's claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law;

(g) delaying full payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs and others similarly situated. Such conduct of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD was negligent and tortuous. The conduct of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD constituted negligent misrepresentation of fact, or actionable fraud. The conduct of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD proximately caused the injuries and damages to the Plaintiffs for which they sue.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendant liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.

XI.

Defendant has, by its conduct, breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In addition, Plaintiffs are entitled to recover attorney's fees in connection with Plaintiffs' contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendant owes the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiffs reasonable compensation for additional living expenses because repairs to be performed to their residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

XIII.

The conduct of CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiffs and Plaintiffs' attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND ROBERT L. PRITCHARD'S conduct was malicious and fraudulent, and therefore, Plaintiffs seek punitive damages.

XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendant

liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of the policy, but their claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiffs and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiffs substantially complied with them. Plaintiffs make the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to said Defendant.

XV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiffs would show that such is void and does not form a portion of Plaintiffs' insurance policy with Defendant, CHUBB LLOYDS INSURANCE COMPANY OF TEXAS. The reason this is so includes, but is not limited to the following:

(a) there is no consideration for such exclusion;

(b) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

8

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h) the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff(s)' policy with Defendant(s). In particular, such cancellation of a portion of Plaintiff(s)' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i) the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

(j) In the alternative, any other construction of the language of the policy is void as against public policy;

(k) In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff(s);

(l) In the alternative, Defendant(s) is/are judicially, administratively, or equitably estopped from denying Plaintiff(s)' construction of the policy coverage at issue;

(m) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff(s) plead(s) the doctrine of mutual mistake requiring reformation.

(n) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

XVI.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas

9

Insurance Code causes of action against CHUBB LLOYDS INSURANCE COMPANY OF TEXAS at this time for actual damages and attorney's fees Chapter 542 penalties. Plaintiffs seek from CHUBB LLOYDS INSURANCE COMPANY OF TEXAS actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the home.

## XVII.
## ABATEMENT

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail claims signed on November 30, 2016, this matter is automatically abated and shall remain abated until thirty (30) days following a mediation impasse.

## XVIII.
## DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themself justly entitled, either at law or in equity, either general or special, including judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:    (210) 910.4501
Telecopier:    (210) 910.4513


By:_____/s/ Thomas M. Furlow_____
    THOMAS M. FURLOW
    State Bar No. 00784093
    Email: tfurlow@furlowlawfirm.com
    ATTORNEY FOR PLAINTIFF