UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOEY SATEL and LINDA SATEL, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| VS. ) | Civil Action No.  SA-17-CA-490-XR |
| ) | |
| ) | |
| CHUBB LLOYDS INS. CO. OF TEXAS, ) | |
| ET AL., ) | |
| ) | |
|     Defendants. | |

**ORDER**

On this date, the Court considered its jurisdiction over this removed case.  After careful consideration, the Court finds that Defendant Pritchard is improperly joined and the claims against him should be dismissed without prejudice for lack of jurisdiction.

**Background**

Plaintiffs sued Chubb, their homeowners' insurance company, and Pritchard, who Plaintiffs alleged was the individual adjuster on their insurance claim.  Chubb removed, asserting that Pritchard was not the adjuster on Plaintiffs' claim.  Defendant submitted a signed Affidavit in which Pritchard attests to the fact that he was not ever assigned as the adjuster on the claim and did not adjust the claim or make any coverage decisions on the claim.  He states that this only involvement was confirming the time of an inspection set by the adjuster and escorting a consultant during the inspection.

This Court previously directed Plaintiffs to brief the issue of whether Pritchard is improperly joined.  Plaintiffs responded to that order, arguing that Pritchard is properly joined because he "was in fact involved in claims handling activities and did in fact participate in late payment of the interior damage portion of the claim and potentially denial of the roof claim." Docket no. 11 at 1.  Defendant Chubb's has filed a reply, asserting that it has provided evidence, and Plaintiffs have not, and that it has established improper joinder.

**Applicable Legal Standard**

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573; *see also Gray v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) ("the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery"). The Fifth Circuit has recently emphasized that a court may choose either one of these two analyses, but it must use one and only one of them, not both. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016).

Here, Defendants ask the Court to conduct a summary inquiry into Pritchard's involvement in the underlying claims adjustment. As noted, the Court may consider summary judgment-type evidence to determine whether Plaintiffs have a truly reasonable possibility of recovery, but disputed questions of fact must be resolved in Plaintiffs' favor. *Gray*, 390 F.3d at 405. The summary inquiry

is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiffs' recovery against the non-diverse defendant, and should not entail substantial hearings. *Smallwood*, 385 F.3d at 573-74.

**Analysis**

Plaintiffs contend that Defendant Pritchard is not improperly joined and that this case should be remanded. Though they acknowledge that Pritchard was not the adjuster of their claim, they contend that he was involved in the claims process and this is sufficient to establish a possibility of liability. Plaintiffs assert that Pritchard's affidavit "contains factual inaccuracies and/or misstatements," and that Pritchard's "inspection resulted in a late payment of interior damages being made without preparing an up to date estimate and without proper accounting for mandatory penalties and interest on the interior damages." Docket no. 11 at 3. They state that "Pritchard was the only Chubb representative to see the Satel home prior to the payment of interior damages." *Id.* Plaintiffs contend that "Pritchard was charged with evaluating the interior damage portion of the claim and his testimony [that he merely escorted the inspector] is not accurate." *Id.* at 4. They argue that "Pritchard's involvement in the interior damage claim is clearly possible as the Rimkus engineer did not address interior damages and Chubb paid an amount for interior damages after the inspection." *Id.* at 4. They further assert that Pritchard either kept a log of his activities in inspecting the property or documented his file after the inspection. *Id.* at 3. Plaintiffs also contend that Pritchard's role could be clarified by "[t]he deposition of Pritchard's superior and the Rimkus engineer." *Id.* at 4. They argue that, if he played a role in evaluating the interior damage and making coverage decisions, he is potentially liable, and if he did not, he violated a duty to independently evaluate the extent of the damage, which had not been assessed since the October 2016 inspection and had potentially worsened.

Defendants note that Pritchard's affidavit establishes that Pritchard was not involved in adjusting Plaintiffs' claim, and that Plaintiffs know that Anthony Jerrick was the adjuster, yet they chose to sue only Pritchard because he is a Texas citizen while Jerrick is not. Although Plaintiffs contend that assertions in Pritchard's affidavit are untrue, they offer no controverting evidence, asserting instead that discovery might indicate that Pritchard did evaluate the interior damage during the December 2016 inspection because the Rimkus engineer did not evaluate the interior damage and

Chubb issued payment for the interior water damage after the inspection. If he did not, they contend, he may have violated a duty to conduct an independent evaluation of the interior damage, given the lapse of time since the initial inspection.

However, the undisputed facts are that Pritchard was not the adjuster on Plaintiffs' claim. The undisputed facts are that Rimkus inspected the property for Chubb in May to determine whether the roof was damaged by hail and, if so, whether the hail damage allowed water to intrude into the home. Rimkus concluded that there was hail, but it did not fracture the roof covering and the hail was not responsible for allowing water intrusion from the roof. Plaintiffs sent a DTPA demand letter in November based on their own October inspection, and Chubb's wanted a re-inspection. That occurred on December 12, and Pritchard accompanied the Rimkus inspector as the sole Chubb's representative. The Rimkus inspector then issued a report with his conclusion that there was no hail related damage to the roofing system, and that interior water leaks were due to other causes. On January 11, Chubb sent Plaintiffs a payment for the interior water damage sustained from hail damage to the skylight. Jerrick, the Chubb adjuster, wrote that "[b]ased on the joint inspection that occurred on 12/12 we confirmed the interior water damages" and that he could "release the undisputed payment for the interior and skylight damages" and would review the supplemental engineer's report regarding the roof claim.

There is no indication that Pritchard made any misrepresentations to Plaintiffs (as alleged in the petition). At most the evidence indicates that during the December inspection, Pritchard may have "confirmed the interior water damages" previously found by Plaintiffs' inspector during the October inspection and undisputed by Chubb to be caused by the hail storm. Even if Plaintiffs are correct that Pritchard "evaluated" the interior damage, they do not explain how this establishes a basis for possibility liability. They claim that he had a duty to evaluate whether the damage had worsened over time because "Chubb has a duty to investigate the loss and Pritchard was the Chubb adjuster present at the inspection." But they cite no basis for their assertion that Pritchard, rather than the claims adjuster, had a duty to obtain an "up-to-date estimate" or to "account for mandatory penalties and interest on the interior damages" simply because he was present at the inspection. They cite no basis for finding that he was responsible for deciding whether new inspections were required or that he made any coverage decisions. Although Plaintiffs indicate that discovery might

show that Pritchard played a more substantial role, they do not specifically ask for the Court to permit any specific discovery before ruling on the improper joinder issue.

Plaintiffs' claim that it is "possible a cause of action would lie against Pritchard for his involvement in the inspection that culminated in Chubb's final claims decision," but ignore the applicable standard – whether there is a *reasonable* possibility. Based on the undisputed evidence, the Court finds that Defendants have established that such a reasonable possibility is lacking and that Pritchard was improperly joined.

## Conclusion

The Court finds that Defendant Pritchard was improperly joined. Accordingly, all claims against Robert Lynn Pritchard, Jr. are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

SIGNED this 5th day of September, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE